UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TODD L. JOHNSON,

                          Plaintiff,

                -against-

CLIFF MCCALLUM, DEPT. OF HOMELAND
SECURITY OFFICER; CASANAS,

                        Defendants.

23-CV-7879 (PAE)

ORDER OF SERVICE

---

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action against two federal officers. In the amended complaint, Plaintiff asserts claims for, among other things, excessive force. By order dated September 6, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

### A.    Service on Officer McCallum

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Cliff McCallum through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court ordered that a summons issue. The Court therefore extends the time to serve until 90 days after the date any summonses are issued.

Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the amended complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Service on Defendant Casanas**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff asserts claims against federal officer "Casanas" with Officer No. 1403 (ECF 5 at 10), but he does not identify the federal agency or address where this defendant can be served. The U.S. Attorney's Office for the Southern District of New York is therefore directed to ascertain the agency where federal officer Casanas is employed and the address where the defendant may be served. The the U.S. Attorney's Office for the Southern District of New York must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Once the Court has received this information, if necessary, the Court will issue an order directing the Clerk of Court to complete the USM-285 form with the address for Defendant Casanas and deliver to the U.S. Marshals Service all documents necessary to effect service.

## CONCLUSION

The Clerk of Court is directed (1) to mail an information package to Plaintiff; and (2) to complete the USM-285 form with the address for Defendant McCallum and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is further directed to mail a copy of this order and the amended complaint to the U.S. Attorney's Office for the Southern District of New York at: 86 Chambers Street, 3rd Floor New York, NY 10007.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  December 4, 2023
        New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　*Paul A. Engelmayer*
　　　　　　　　　　　　　　　　　　　　　　　PAUL A. ENGELMAYER
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Officer Cliff McCallum
   Social Security Administration
   820 Concourse Village, 2nd Floor
   Bronx, NY 10452